UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Carri Jo Odegard, | Civ. No. 24-2683 (JWB/DTS) |
| Plaintiff, | |
| v. | **ORDER ON DEFENDANTS' MOTIONS TO DISMISS** |
| Aaron Widmark, Brady Murphy, Dave Borchert, New Ulm City, Jay Backer, and Jason Seidl, | |
| Defendants. | |

---

Carri Jo Odegard, Pro Se.

Ryan M. Zipf., Esq., League of Minnesota Cities, counsel for Defendants Aaron Widmark, Brady Murphy, Dave Borchert, New Ulm City, and Jay Backer.

Jessica E. Schwie, Esq., and Joshua Phillip Devaney, Esq., Kennedy & Graven, Chartered, counsel for Defendant Jason Seidl.

---

Following initial review, most of the claims in Plaintiff Carri Jo Odegard's Amended Complaint (Doc. No. 5 ("Am. Compl.")) were dismissed for failure to state a claim. (Doc. No. 10.) For the claims that remained, Odegard was required to complete service forms and return them to the Clerk of Court, who would then seek waivers of service from the remaining Defendants. (*Id.* at 8.) Odegard completed the forms, and waivers of service were ultimately filed by Defendants Jason Seidl, Brady Murphy, Aaron Widmark, New Ulm City, Jay Backer, and Dave Borchert. (*See* Doc. Nos. 19, 21.)

Defendants now move to dismiss all but Odegard's claims under 42 U.S.C. § 1983 that are based on violations of the Fourth and Fourteenth Amendments. (Doc. Nos. 27,

33.) For the reasons that follow, Defendants' motions are granted in part.

## BACKGROUND

The full factual background of this matter is included in the Court's December 5, 2024 Order. (*See* Doc. No. 10 at 1–4.) Only the relevant portions are included again here.

Odegard resides in New Ulm, Minnesota, located in Brown County. (*See* Am. Compl. at 1.[1]) Only six of the defendants named in her amended pleading remain in this lawsuit—Brown County Sheriff Jason Seidl, the City of New Ulm, and four members of the New Ulm Police Department ("NUPD"): Aaron Widmark, Brady Murphy, Jay Backer, and Chief Dave Borchert. (*Id.* at 2–5.)

Odegard alleges several incidents of misconduct, brutality, and excessive force by the NUPD and its officers. (*See id.* at 9–16.) The first occurred on August 25, 2021, when Widmark and Murphy allegedly used excessive force during an interaction regarding Odegard's broken-down vehicle. (*See id.* at 9, 11–12.) Odegard claims Widmark grabbed her and applied force to her leg, causing a tibia injury. (*See id.* at 11.) Despite her injury, the officers forced her to walk and then placed her face down on the ground while she was in shock. (*See id.*) She also alleges that the officers delayed medical care and taunted her about her inability to walk. (*See id.* at 11–12.)

Odegard further alleges that during the same incident, officers unlawfully searched her vehicle, interrogated her without cause, and subjected her to additional brutality, ultimately leading to her arrest. (*See id.*) She claims medical help was delayed for several

---

[1]   Because the Amended Complaint's page numbers are not consecutive, citations to it in this Order use the page numbers provided by the District's electronic filing system.

hours, during which she experienced intense pain and intermittent consciousness. (*See id.* at 11–13.) The emergency services that finally arrived were not New Ulm's local service, which Odegard suggests was part of a conspiracy. (*See id.* at 12–13.)

Odegard alleges other harassment by law enforcement, including incidents where officers unlawfully entered her home, failed to investigate crimes she reported, damaged her property, and falsely arrested her. (*See id.* at 14–16.) She specifically claims that on February 1, 2022, officers—including Defendant Seidl—used unreasonable force to enter her home, resulting in her seven-day detainment. (*See id.* at 14–15.) She also alleges that during this period, Seidl did not serve her with legal papers regarding the loss of her home, and she accuses him of falsifying records to conceal his actions. (*Id.* at 15.)

Odegard also describes ongoing stalking and intimidation by NUPD officers, including being followed, blocked by squad cars (one of which was allegedly driven by Defendant Backer), and falsely accused of driving without a license. (*See id.* at 15–16.) She suggests these coordinated actions by law enforcement are part of a conspiracy to cover up their misconduct and abuse of power. (*See id.* at 9, 15.)

## ANALYSIS

**I.       Standard of Review**

To survive a motion to dismiss, a plaintiff must provide sufficient factual matter, accepted as true, to state a plausible claim to relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires sufficient factual allegations to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is not enough to merely recite the elements of a claim with conclusory supporting allegations

3

that lack factual enhancement. *Iqbal*, 556 U.S. at 678. Although pro se complaints are read liberally, they must still allege sufficient facts to support the claims. *See, e.g.*, *Sandknop v. Mo. Dep't of Corrs.*, 932 F.3d 739, 741–42 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

In considering a motion to dismiss, courts accept well-pled allegations as true and draw all reasonable inferences in the plaintiff's favor. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). But legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions couched as factual allegations may be ignored. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Plaintiffs also may not amend their pleading by including new allegations in their motion papers. *See Northland Baptist Church of St. Paul, Minn. v. Walz*, 530 F. Supp. 3d 790, 814 (D. Minn. 2021) (stating that parties may not expand their complaint by adding details in their briefing). New allegations are potentially effectual only if added to an amended complaint.

## II.     Analysis

### A.     Common law tort claims

Defendants first argue that any common law tort claims are barred by Minnesota's two-year statute of limitations. The argument is well taken. Odegard filed the initial Complaint on July 10, 2024 (Doc. No. 1), so any claim for an alleged tort that occurred before July 10, 2022, is time-barred by statute. Minn. Stat. § 541.07(1). Odegard alleges specific interactions with Defendants on August 25, 2021 and February 1, 2022. She also alleges that she was "stalked" and "trapped" by officers on other occasions but does not

include any dates. The Amended Complaint does not state any incident or interaction with Defendants that took place after July 10, 2022. As a result, Odegard's claims for common law assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress are all time-barred as pled.

Odegard mentions tolling in response to Defendants' motions, but the record does not support any basis to toll the statute of limitations here. Under Minnesota law, the standard for tolling a statute of limitations is a high one. *Sanchez v. State*, 816 N.W.2d 550, 561 (Minn. 2012). A statute of limitations may be tolled if the defendant intentionally acted to conceal a potential cause of action, and the concealment could not have been discovered by reasonable diligence. *Id.*; *see also William v. Prasciunas*, 661 N.W.2d 645, 650 (Minn. App. 2003). Tolling can also apply if some factor completely outside the claimant's control prevents filing suit on time. *Sanchez*, 816 N.W.2d at 561.

Defendants' alleged fraud and conspiracy did not prevent Odegard from discovering her personal injuries at the time that they occurred. Although Odegard states that she served and filed a state court lawsuit relating to these incidents in 2023, public records do not show any such filing, and she has not provided documentation of the suit or her attempts to serve or file it. Nor has she explained why she could not have filed suit before July 10, 2024. Finally, Odegard points to the three-year statute of limitations in Minn. Stat. § 541.06 for claims against sheriffs, but she does not assert a common law tort claim against Sheriff Seidl. As a result, her time-barred claims must be dismissed.

B.      42 U.S.C. § 1983 claims

Defendants argue next that the Amended Complaint fails to state any claim under

42 U.S.C. § 1983 based on a violation of the First, Second, Fifth, Sixth, Seventh, or Eighth Amendment. This argument is also well taken. Odegard's allegations describe unlawful use of force, unlawful entry to her residence, unlawful searches, and an unlawful arrest. Those allegations, at most, implicate the Fourth and Fourteenth Amendments. Odegard does not supply other allegations that plausibly state a violation of any others. Therefore, her § 1983 claim will be narrowed to alleged violations of only the Fourth and Fourteenth Amendments.

Defendants Borchert and Backer both also argue that the Amended Complaint lacks sufficient detail to state a plausible § 1983 claim against either of them. The only allegation relating to Borchert is that he told Odegard and her daughter that "we are not going to acknowledge breaking your/her leg." (Am. Compl. at 13.) That statement does not itself violate Odegard's rights. And it does not plausibly implicate Borchert in any conspiracy to violate rights because it does not indicate anything about Borchert's past or future intentions. Finally, because the single statement does not plausibly show that Borchert participated in or was deliberately indifferent to the events that allegedly violated Odegard's rights, the Amended Complaint does not state a claim for supervisory § 1983 liability against Borchert either. *See Wolk v. City of Brooklyn Center*, 107 F.4th 854, 859 (8th Cir. 2024); *Sturgeon v. Faughn*, 36 F.4th 804, 809 (8th Cir. 2022). Therefore, Borchert's request to dismiss the § 1983 claim against him is granted.

As for Backer, he contends that Odegard's bald allegation that he was driving one of the squad cars that blocked her in at a local grocery store is not enough to plausibly state a § 1983 claim. Backer asserts in a footnote that there is no record that he ever had

contact with Odegard within the applicable statute of limitations. (Doc. No. 29 at 6 n.3.) But a statement in an opposition brief is not evidence, and Backer has moved for partial dismissal, not for summary judgment. Odegard alleges an incident where five law enforcement vehicles blocked her in at a grocery store and falsely claimed she was driving without a license. She alleges that Backer was driving one of those vehicles. Accepting those minimal allegations as true, there is enough to plausibly state that Backer was involved with an allegedly unlawful stop. Therefore, Backer's request to dismiss the § 1983 claim against him is denied.

### C. Claim against the City of New Ulm

Odegard also attempts to state a claim against the City of New Ulm based on its officers' alleged misconduct. But as explained in the previous dismissal Order, local governments are responsible only for their own illegal acts and are not vicariously liable for their employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Aldridge v. City of St. Louis*, 75 F.4th 895, 901 (8th Cir. 2023). To establish a government entity's liability for constitutional violations, a plaintiff must show that "'action pursuant to official municipal policy' caused their injury," where "[o]fficial municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60 (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023).

The Amended Complaint does not allege that any official City policy contributed to the conduct that injured Odegard. It does not allege that the officers' misconduct was

part of a widespread pattern, that it arose from an official policy or training, or that City decisionmakers were somehow involved. Accordingly, any claims asserted against the City of New Ulm based on *Monell* liability are dismissed without prejudice.

     **D.**     **Conspiracy claims**

Finally, Defendants ask to dismiss any conspiracy claim under 42 U.S.C. § 1983 or § 1985 because the Amended Complaint lacks the required supporting allegations. Although Odegard describes how various officers worked together during the allegedly unlawful interactions with her, she stops short of plausibly alleging an underlying agreement to violate her rights. *See White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (plaintiff alleging a § 1983 conspiracy must show that the conspiracy's purpose was to deprive constitutional rights). In relevant part, 42 U.S.C. § 1985 prohibits conspiring to deprive a person of "equal protection of the laws, or equal privileges and immunities under the laws." Odegard does not allege any discriminatory animus that would constitute such a wrongful purpose. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *City of Omaha Emps. Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989). Therefore, her conspiracy claims must be dismissed as insufficiently pled.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

    1.    Defendants' Motions for Partial Dismissal (Doc. Nos. 27, 33) are **GRANTED IN PART** as described in this Order.

    2.    Plaintiff Carri Jo Odegard's Amended Complaint (Doc. No. 5) is

**DISMISSED IN PART** as follows:

 a. Plaintiff's claims for assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress are **DISMISSED** as time-barred under Minn. Stat. § 541.07(1).

 b. Plaintiff's claims under 42 U.S.C. § 1983 that are based on alleged violations of the First, Second, Fifth, Sixth, Seventh, and Eighth Amendments are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

 c. Plaintiff's claims against Defendant City of New Ulm are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

 d. Plaintiff's conspiracy claims under 42 U.S.C. §§ 1983 or 1985 are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

 e. The only remaining claims in this action are those under 42 U.S.C. § 1983 based on alleged violations of the Fourth and Fourteenth Amendments, except that the claim against Defendant Dave Borchert is **DISMISSED WITHOUT PREJUDICE**.

Date: July 14, 2025

              *s/ Jerry W. Blackwell*
              JERRY W. BLACKWELL
              United States District Judge