**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Carri Jo Odegard,

Plaintiff,

v.

Aaron Widmark, *New Ulm PD*; Brady Murphy, *New Ulm PD Officer*; Dave Borchert, *Chief of Police NUPD*; New Ulm City; Jay Backer, *Commander NUPD*; and Jason Seidl, *Seriff NUPD*,

Defendants.

Civ. No. 24-2683 (JWB/DTS)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Carri Jo Odegard, pro se Plaintiff.

Ryan M. Zipf., Esq., League of Minnesota Cities, counsel for Defendants Aaron Widmark, Brady Murphy, Dave Borchert, New Ulm City, and Jay Backer.

Jessica E. Schwie, Esq., Joshua Phillip Devaney, Esq., and Nicholas A. Smoger, Esq., Kennedy & Graven, Chartered, counsel for Defendant Jason Seidl.

---

United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") on May 19, 2026. (Doc. No. 183.) No objections to that R&R have been filed in the time permitted. Absent timely objections, the R&R is reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Having reviewed the R&R, no clear error is found. The R&R provides a thorough discussion of the record evidence, a detailed assessment of Plaintiff's remaining claims, and multiple alternative reasons for why dispositive relief is warranted in this case. Accordingly, its recommendation to grant Defendants' Motions for Summary Judgment

and dismiss this matter is accepted in its entirety.

One week after the R&R was issued, Plaintiff moved for the immediate return of her pickup truck, impounded in August 2021. (Doc. No. 184.) She maintains that the truck remains at a salvage yard and that its loss has caused substantial hardship. She asks for its return without payment of towing or storage charges and for compensation for its deterioration. The motion does not identify any error in the R&R's analysis of the claims that were before the Magistrate Judge.

The R&R concluded that Plaintiff's operative complaint did not assert a discernible due process claim based on the deprivation of her truck. (Doc. No. 183 at 3 n.2.) To the extent her new motion is construed as an objection to that conclusion, it does not warrant rejecting the R&R. A party may not introduce a new claim through an objection to an R&R. *See Smith v. Eischen*, Civ. No. 23-2866 (JMB/SGE), 2025 WL 732304, at *1 n.1 (D. Minn. Mar. 7, 2025).

The record also provides context for Plaintiff's request. In September 2021, an officer permitted Plaintiff to retrieve personal property from the truck and advised her of the charges required to reclaim it. The New Ulm Police Department later sent notice that she had 45 days to reclaim the truck or retrieve its contents. According to the undisputed summary judgment record, she did not reclaim the truck during that period, and it was sold as salvage. (Doc. No. 183 at 6–7.) Plaintiff now maintains that the truck remains at the salvage yard. The present record does not establish whether it can still be recovered. The hardship she describes is not insignificant. But neither that hardship nor the truck's possible continued existence establishes a basis to order its return in this action. This

action arises under 42 U.S.C. § 1983. Plaintiff invokes 18 U.S.C. § 983(f), Federal Rule of Criminal Procedure 41(g), and Minn. Stat. §§ 609.5312 and 626.04, but none provides a basis for ordering the return of her vehicle in this action. The motion is denied.

**ORDER**

Based on the R&R of the Magistrate Judge, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. The May 19, 2026 Report and Recommendation (Doc. No. 183) is **ACCEPTED**.

2. The New Ulm Defendants' Motion for Summary Judgment (Doc. No. 160) is **GRANTED**.

3. Defendant Jason Seidl's Motion for Summary Judgment (Doc. No. 172) is **GRANTED**.

4. Plaintiff's Motion to Return Property (Doc. No. 184) is **DENIED**.

5. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 29, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge